Sidney BAYER; Amber Bayer; Ann Bayer, as Guardian ad litem for Stephen Bayer, Jr., a minor child, and Camille Bayer, a minor child, Plaintiffs—Appellants,

v.

CITY OF SIMI VALLEY; Randy G. Adams; Anthony Harper, in both their personal and official capacities, Defendants—Appellees.

No. 01–55736.

D.C. No. CV–99–10287–MMM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2002.

Decided July 25, 2002.

Before HUG, FARRIS, and SILVERMAN, Circuit Judges.

## MEMORANDUM *

The district court granted summary judgment in favor of defendants City of Simi Valley and police department officials (collectively "Simi Valley") against the family of Stephen Bayer following the fatal shooting of Bayer by police. On appeal, the Bayers argue primarily that the district court erred in concluding that the actions of the police were objectively reasonable under the Fourth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. As the parties are familiar with the facts and procedural history of the case, we will not detail them here except as necessary. We review a grant of summary judgment de novo. *Botosan v. Paul McNally Realty*, 216 F.3d 827, 830 (9th Cir.2000).

The Bayers argue that the police used excessive force in violation of the Fourth Amendment when they fired tear gas into Stephen Bayer's car. They claim that the police provoked a confrontation with a mentally disturbed man that they should have known would lead to his inevitable death. "[C]laims that law enforcement officers have used excessive force ... [are] analyzed under the Fourth Amendment and its 'reasonableness' standard ...." *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). This reasonableness determination requires a careful balancing of "the nature and quali-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ty of the intrusion ... against the counter-vailing governmental interests at stake," and "must be judged from the perspective of a reasonable officer on the scene." *Id.* at 396, 109 S.Ct. 1865 (internal quotation marks omitted).

In evaluating the government interests at stake, we consider (1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight. *Id.* As to the severity of his crimes, Bayer led the police on a three-hour chase, disobeyed police orders to desist, and shot at police officers. Bayer also posed a serious threat to others at the time tear gas was used; he was unstable, armed, and had threatened to fire on police again. And, while barricaded in his car, he refused to surrender or even put his gun down after a four-hour standoff. In sum, the government interest at stake was great. As to the nature and quality of the intrusion, while the use of tear gas was certainly intrusive—it was intended to and did result in Bayer's leaving the car—it was not deadly force and did not in itself harm Bayer.

"[R]emember[ing] always that '[t]he "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight,'" *Liston v. County of Riverside,* 120 F.3d 965, 976 (9th Cir.1997) (quoting *Graham,* 490 U.S. at 396, 109 S.Ct. 1865), we agree with the district court that the use of tear gas was objectively reasonable under the circumstances. It is reasonable for police, following four hours of armed standoff and failed negotiations, to use non-lethal force to extricate a subject who has shot at police and refuses to surrender. We therefore affirm the district court's grant of summary judgment for defendants on the Bayers' excessive force claim.

The Bayers argue that the reports of experts Clark and Streed are sufficient to defeat summary judgment. Although the district court was within its discretion in striking the reports because they did not comport with the requirements of Federal Rule of Civil Procedure 56(e), even if considered these reports do not alter the outcome of this case. At most, they show a difference in opinion as to proper police tactics; they do not create a question of fact sufficient to defeat summary judgment. *See Billington v. Smith,* 292 F.3d 1177, 1189 (9th Cir.2002) (reading Ninth Circuit precedent to "prevent a plaintiff from avoiding summary judgment by simply producing an expert's report that an officer's conduct leading up to a deadly confrontation was imprudent, inappropriate, or even reckless").

AFFIRMED.